**Adam ALTGLASS, Appellant
(Defendant below),**

v.

**Phyllis K. ALTGLASS, Appellee
(Plaintiff below).**

No. 2938.

Supreme Court of Wyoming.
July 12, 1960.

Greenwood, Ferrall & Bloomfield and James A. Greenwood, Cheyenne, for appellant.

John U. Loomis, of Loomis, Lazear & Wilson, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Phyllis K. Altglass came to Wyoming from New York in August 1950 with her three minor children, Edward, aged two, Susan, aged four, and Marcia, aged seven, and a few months later filed suit for divorce against her husband, Adam Altglass, who was served constructively in New York. On January 8, 1951, she was granted a default decree of divorce and given custody of the children. Thereafter an order regarding visitation of the children by the defendant was made by the court ex parte, providing inter alia that he might visit the children of the parties at reasonable times and places to be agreed upon by the parties or upon failure of the parties to agree at such time and place as might be fixed by the court. Defendant visited the children some thirteen times in Laramie County but was not satisfied with this arrangement and on March 27, 1959, filed a petition to modify the child custody decree. The petition was heard by the court and "Order Re Petition for Modification of Child Custody Decree" was entered on June 8, 1959, in which it was provided that " 'the defend-

**1102** 

ant shall have the right to visit such children at \* \* \* reasonable times and places.' " [1]

Defendant has appealed from the order, reciting in essence that the decree is ineffectual and inoperative because of indefiniteness and the complete inability of the parties to agree as to what are *reasonable times and places* for the visitations.

A review of the evidence together with the argument of counsel at the hearing indicates the entire lack of co-operation between the parties and the impossibility of effectuating the decree as entered.

 Any provisions to be made regarding a decree of custody of minor children must of necessity be within the discretion of the trial court, and we find in this case that there has been no abuse of discretion. The provisions are just, equitable, and for the best interests of the children so far as they are clear and capable of administration. However, it has been repeatedly held that a decree of divorce or a modification thereof must not contain a provision which is so indefinite and ambiguous as to invite parental bickering. See in general of Divorce in the American Digest System and in particular Perr v. Perr, Mo.App., 205 S.W.2d 909; Schumm v. Schumm, Mo.App., 223 S.W.2d 122; Hachtel v. Hachtel, Mo.App., 291 S.W.2d 201; and see Mote v. Mote, 214 Ga. 134, 103 S.E.2d 565.

 Because of the generalities in the "Order Re Petition for Modification of Child Custody Decree," it is for the best interests of the children and essential to equity and justice that the trial court either (1) clarify the June 8, 1959, order to provide with sufficient definiteness to avoid argument and discussion the times and places of visitation and the vacation periods, if any, when the father may have the children in his custody or (2) undertake to act upon each request which is made to effectuate a *visitation at a reasonable time and place.*

Reversed and remanded with directions.

1. The decree further provided for the return of the children if taken outside the State of Wyoming.