Carl W. KOCH, d/b/a Koch Elevator,
Appellant (Plaintiff below),

v.

C. H. BROWN, Jr., and Son, d/b/a Torrington Implement Company, Appellee
(Defendant below).

No. 3242.

Supreme Court of Wyoming.

May 4, 1965.

Guy, Phelan, White & Mulvaney, Cheyenne, W. A. E. Mitchell, Greeley, Colo.,
for appellant.

Hathaway & Sigler, Torrington, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

HARNSBERGER, Justice.

Plaintiff below sought judgment against defendant for $1,500, plus $285 interest, as balance due under a contract for purchase of a hay-pelleting, steam-jet machine for the sum of $2,000, payable $500 cash, which was paid, and the balance of $1,500 to be satisfied by defendant delivering to plaintiff alfalfa hay meal and pellets, which delivery defendant failed to make.

Defendant answered that he took the machine with the understanding it could be returned and his $500 refunded if defendant could not make use of the machine; that it had never been uncrated or used; and, although defendant had repeatedly offered to return it, plaintiff refused to accept it; defendant cross-petitioned for judgment against plaintiff in the sum of $500. Upon trial to the court, judgment was rendered denying both parties any recovery. Plaintiff appeals.

Although a careful examination of the record and appellant's brief has been made, we do not find any statement of the grounds upon which reversal of the district court's judgment is sought, and, although it is contended the court erred, just wherein such error lies is only vaguely intimated. Appellant claims there was error in the court's relieving appellee of the duty to pay a $1,500 balance but leaving the machine with him. The court's order is silent about who has the right to the machine. It certainly does not award the machine to anyone.

In his conclusion appellant also claims the court's judgment was contrary to law in that it was against the preponderance or the weight of the evidence.

The weight to be given evidence and the conclusion of what preponderates is a matter wholly within the proper discretion of the trier of fact and is not a matter of law of which appellate tribunals take notice.

The most the record and brief disclose are a résumé of different testimonies which present material conflicts and appellant's insistence that the court should have accepted the evidence most favorable to his case. This is contrary to the rule of appellate law established by a large number of this court's decisions.

The judgment of the lower court is affirmed.

Affirmed.