522 P.2d 755 (1974)
In re the MARRIAGE OF Ellen Louise GUINN, Petitioner-Appellee, and
Corwin Richard Guinn, Respondent-Appellee,
Select Services, Inc., Applicant for Intervention-Appellant.
No. 73-152.
Colorado Court of Appeals, Div. I.
May 7, 1974.
Louise L. M. Tucker, Glenwood Springs, for petitioner-appellee.
No appearance for respondent-appellee.
Cooley & Benner, Frank G. Cooley, Meeker, for applicant for intervention-appellant.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Select Services, Inc., appeals from an order denying its motion to intervene in the dissolution of marriage action between petitioner and respondent. We affirm.
The marriage between petitioner and respondent was dissolved by a decree of dissolution issued on September 1, 1972. In that decree, the trial court awarded the wife the equity in a farm which had been purchased by the parties during their marriage. The husband was ordered to vacate *756 the farm property within 30 days and to sign a properly notarized quitclaim deed to convey record title to the wife within the same 30-day period, which he did.
On October 31, 1972, approximately two months after the decree was entered, appellant filed a motion to intervene, together with its tendered complaint. The motion and complaint alleged that respondent had been the president of Select Services, Inc., from January 1967 until August 29, 1972, and had been vested with substantial control of appellant's financial management; that during the marriage the respondent wrongfully appropriated more than $80,000 for the use and benefit of himself and his wife; that the wife knew of the misappropriation; and that the parties' ranch, farm equipment, and livestock had been purchased with funds wrongfully misappropriated from appellant. Appellant further alleged that respondent was substantially without assets with which to reimburse Select Services, Inc., and that the principal remaining asset acquired with appellant's funds was the equity in the ranch awarded to the wife. The complaint prayed for an accounting of corporate receipts and expenditures, for a money judgment against the husband, that the parties be restrained from conveying the ranch, and that an equitable lien be impressed on the property.
At the hearing on appellant's motion to intervene, Mr. Friesen, appellant's president, testified that he learned in March 1972 that some funds had been wrongfully taken from the corporation by respondent. During the spring and summer of 1972, appellant's president was aware of the pending dissolution action between the parties but did not attempt to intervene since he believed the corporation had already taken sufficient steps to protect its assets. Both Mr. Friesen and appellant's accountant testified that they were not aware of the full extent of the misappropriation of funds until October 1972.
The trial court denied appellant's motion to intervene on the ground that it was not timely filed. In so ruling, the trial court found that other remedies were available to Select Services, Inc., without reopening the order of dissolution and property division between the parties.
Before discussing the merits of the appeal we must consider appellee's contention that the appeal should be dismissed because denial of the motion to intervene is not an appealable order. Where permissive intervention is sought, "An order refusing intervention is not a final and appealable order unless the applicant has no other adequate means of protecting his rights." Grijalva v. Elkins, 132 Colo. 315, 287 P.2d 970. However, "An order denying intervention is appealable if intervention was a matter of right." Grijalva, supra. Here appellant seeks intervention as a matter of right, and the appeal therefore will not be dismissed.
Appellant sought intervention under C.R.C.P. 24(a) which provides:
"Upon timely application anyone shall be permitted to intervene in an action. . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest . . . ." (emphasis supplied)
The motion to intervene was properly denied because it was not timely filed, and because appellant's ability to protect its interest was not impeded by the decree of dissolution. Determination of timeliness is a matter which lies within the sound discretion of the trial court. McDonald v. E. J. Lavino Co., 430 F.2d 1065 (5th Cir.). In exercising its discretion, the court must weigh the lapse of time in the light of all the circumstances of the case, including whether the applicant was in a position to seek intervention at an earlier stage in the case. 7A C. Wright & A. Miller, Federal Practice & Procedure § 1916.
Here appellant was aware of the alleged misappropriation of funds and of the pendency of the dissolution of marriage action for about six months prior to *757 the entry of the decree, and eight months before seeking intervention. Since the remedy would be the same regardless of the amount involved, the fact that appellant did not know the amount of the mis-appropriation does not justify the delay.
Furthermore, the decree awarding the wife the equity in the farm did not impede or impair appellant's right to protect its asserted interest in the property. If the allegations in appellant's tendered complaint are true, then, in an independent suit by Select Services, Inc., the "money may be traced as a trust fund although it has no earmarks.", Cox v. Metropolitan Bank, 138 Colo. 576, 336 P.2d 742, and followed into new investments, Hawkins v. Elston, 58 Colo. 400, 146 P. 254, which may be subjected to a constructive trust. Walker v. Bruce, 44 Colo. 109, 97 P. 250.
In view of the above, other grounds asserted by appellee for affirming the trial court's order need not be discussed.
Order affirmed.
COYTE and SMITH, JJ., concur.