Donald M. CLINE, Appellant (Defendant),

v.

Thomas SAWYER and Loeva Sawyer, Appellees (Plaintiffs).

No. 5316.

Supreme Court of Wyoming.

Oct. 23, 1980.

---

9. Section 1–103, U.C.C.

Stuart S. Healy of Kennedy, Connor & Healy, Sheridan, signed the brief on behalf of appellant. Appellant's case was submitted upon the brief.

Bruce P. Badley and H. W. Rasmussen of Badley, Rasmussen & Shoumaker, Sheridan, signed the brief and Badley appeared in oral argument on behalf of appellees.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant–defendant appeals from a judgment entered against him after a trial to the court, contending that the "findings of fact and conclusions of law * * * are not supported by the evidence." We affirm.

This is a second appeal in this matter.[1] Among the issues presented on the first appeal was whether or not the trial court erred in (1) failing to enter findings of fact and conclusions of law on specified issues as requested by appellant, and (2) that the findings of fact were not supported by the evidence. We found the findings to be deficient in failing to apportion the percentage of negligence as required by § 1–1–109, W.S.1977, and remanded the matter for such purpose, and we did not address the contention of error relative to sufficiency of the evidence to support the findings since the remand made such unnecessary. This second appeal again presents the sufficiency–of–evidence contention, the trial court having found appellant to have been 100 percent negligent and appellees to have been without negligence.

The standard by which we review the question of sufficiency of the evidence is well established:

"* * * An appealing party has a heavy burden to overcome. We must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party that conflicts with it and give the evidence of the successful party every favorable inference which

---

1. See *Cline v. Sawyer,*, Wyo., 600 P.2d 725 (1979) for opinion on first appeal.

may reasonably and fairly be drawn from it. *Jelly v. Dabney*, Wyo.1978, 581 P.2d 622, 624; *Laramie Rivers Co. v. Pioneer Canal Co.*, Wyo.1977, 565 P.2d 1241, 1243–44; West's Wyoming Digest, Appeal & Error Keynumbers 931(1) and 989. * * * [S]pecial findings of fact * * * must be construed liberally and favorably to the judgment. We presume that they are right and where the findings of the trial court are not inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence, they will not be disturbed on appeal. *Diamond Management Corp. v. Empire Gas Corp.*, 594 P.2d 964 (1979); *LeBar v. Haynie*, Wyo.1976, 552 P.2d 1107, 1110. Moreover, the trial judge was present and observed at first hand the demeanor and expressions of the witnesses. We must not forget that when we examine the cold words of the transcript of testimony, we do not have the benefit of how the trial judge sees and hears the witness–the pitch of the voice, facial changes, the movement in the witness–all of which may tell a separate story, to be given credence. The conclusion of what preponderates is with the trier of fact. *Koch v. Brown*, Wyo.1965, 401 P.2d 459. Credibility of witnesses is for the trial court. *Hench v. Robinson*, 1955, 75 Wyo. 1, 291 P.2d 417; *Eblen v. Eblen*, 1951, 68 Wyo. 353, 234 P.2d 434. * * *" (Footnote omitted.) *Madrid v. Norton*, Wyo., 596 P.2d 1108, 1117 (1979). And see *Stock v. Roebling*, Wyo., 459 P.2d 780, 784 (1969); *Brittain v. Booth*, Wyo., 601 P.2d 532, 535 (1979); *Craver v. Craver*, Wyo., 601 P.2d 999, 1001 (1979); *Shores v. Lindsey*, Wyo., 591 P.2d 895, 899 (1979).

The following Findings of Fact were made by the trial court:

"1. That Thomas Sawyer and Donald Cline entered into an oral agreement whereby Tom Sawyer would provide materials and Donald Cline, doing business as Cline Plumbing, a licensed plumber of the City of Sheridan, would supply labor necessary for the installation of water and sewer utilities in the construction of a mobile home park known as Wong Village in Sheridan, Wyoming.

"2. That Donald Cline did, in fact, install water and sewage utility lines on real property leased by Plaintiffs and was paid a total sum of $28,267.85. That portions of the sewage system failed to pass city inspection on the basis of water seeping into the sewage lines constructed by Donald Cline and under his supervision.

"3. That Donald Cline and workmen under his supervision and control, wrongfully connected a waterline to a sewage line which necessitated re–excavating the connection site and tapping into a proper · waterline.

"4. That as a result of the improper installation and faulty workmanship performed by Donald Cline or workmen under his supervision and control, Thomas Sawyer incurred the sum of $8,941.23 in payments to other contractors for corrective work to the water and sewage systems in Wong Villiage [sic] of Sheridan, Wyoming.

"5. Defendant was one hundred percent negligent in the installation of the portions of the sewage system that failed to pass city inspection and for connecting a waterline to a sewage line while the Plaintiff was not negligent in either of these phases of contruction [sic] and for which the Plaintiff suffered the damages as set forth in Paragraph 4 above.

"6. That the Plaintiffs failed in their burden of showing that the corrective work performed by the Defendant was originally improperly or negligently done and therefore, no damages are awarded upon the other items of corrective work.

"7. Defendant performed $540.63 worth of labor for the benefit of Plaintiffs and has not been compensated for the same."

Before considering the evidence in support of these findings in accordance with the aforesaid standard of review, we refer to our analysis of the theories of this case as set forth in the first appeal of it. See 600 P.2d at 731–732. We there concluded that the trial was conducted on both the theory of contract and the theory of negligence. We said in part:

"This is not improper. In construction contracts, there is an implied warranty that the work will be performed in a skillful, careful, diligent and workmanlike manner. Where negligence on the part of the contractor results in a breach of this warranty, a cause of action ex contractu and a tortious action premised on negligence, or both are available to the contractee. [Citations.]

   *    *    *    *    *    *

"The case should be treated as having been presented on the theory of contract and on the theory of negligence, with findings to be made on each.  *  *  *" 600 P.2d at 732.

The first four of the trial court's findings were with reference to the contract theory. Finding 5 thereof was with reference to the negligence theory, and the last two findings were those upon which the court reduced the amount of damages claimed by appellees.

Evidence was presented and received that appellees had an agreement with appellant whereby appellant was to install water and sewer lines at appellees' trailer court; that appellant was the only licensed plumber on the project and was responsible for proper installation of the plumbing; that problems developed in the installed water and sewer lines in that a water line was connected to a sewer line, improper "saddle" connections were used instead of "in–line Y" connections, the proper gravity angle was not maintained for flow, and there was excessive leakage. Outside plumbers and backhoe operators were brought in to help correct the problems. Appellant was employed to do some of the corrective work.

Although appellant contends that some of the damage was occasioned by work of others, and as a result of appellees' insistence on use of improper fittings and fill material, and because of improper engineering, there was evidence from which the fact finder could conclude that appellant had breached his agreement by failing to install–or supervise the installation of–the sewage system to pass city inspection. As previously noted, our standard of review requires us to assume the evidence in favor of appellee to be true and not consider the evidence of appellant in conflict therewith.

■ We cannot say, as a matter of law, that the evidence was insufficient to establish appellant's breach of the implied warranty of the contract to perform the work in a skillful, careful, diligent and workmanlike manner, or that it was insufficient to establish negligence on the part of appellant.

As noted in our first opinion in this matter, contributing fault is a proper consideration in fixing damages in construction contract cases premised on breach of warranty, 600 P.2d at 732.

Appellant's contest in this appeal is in truth a contention that the evidence did not support the percentage of contributing fault allocated by the fact finder in fixing damages under the contract theory, and similarly, in finding the degree of comparative negligence under the negligence theory.

■ Unless the evidence is such that it can reasonably lead to one conclusion, the question of negligence is primarily a question of fact, and the duty to make the comparison of negligence as required by the comparative negligence statute is for the fact finder if the evidence can result in a difference of opinion. *Union Pacific Railroad Company v. Lumbert*, 10th Cir. 1968, 401 F.2d 699; *Knudson v. Hilzer*, Wyo., 551 P.2d 680 (1976); *Combined Insurance Company of America v. Sinclair*, Wyo., 584 P.2d 1034 (1978); 57 Am.Jur.2d Negligence §§ 6 and 454 (1971).

■ It cannot be said that evidence of appellees' negligence or contributing fault was uncontroverted. There is a conflict in the testimony of the appellees and the appellant as to whether or not the appellant recommended that a different fill material be used or different fittings be used to connect the sewer and water joints. Evidence was presented which indicated that the fill material and the "saddle fittings" were acceptable under the then current

**148**

standards, and that the materials used successfully passed regular city engineer inspections. Appellees employed a contractor to level the property in preparation for the construction. A substantial amount of fill material was brought in by the contractor to "stabilize" the portion of the property which had a high water table. The plans were drawn by a licensed architect. Appellees obtained some engineering assistance. Errors on the part of qualified experts employed by appellees are not necessarily imputed to appellees. Architects are generally considered to be independent contractors. 5 Am.Jur.2d Architects § 6 (1962). And, as a general rule, the employer of an independent contractor is not responsible for the contractor's inadequate acts unless the employer did not use due care in selecting that contractor. 41 Am.Jur.2d Independent Contractors §§ 24 and 26 (1968). Cf. *Combined Insurance Company of America v. Sinclair, supra; Stockwell v. Morris*, 46 Wyo. 1, 22 P.2d 189 (1933). Evidence of negligence in selection of the architect or contractor was not presented in this case.

■ Although the record does show that the appellees originally failed to obtain the necessary approval of their plans from the Department of Environmental Quality and that later modifications were necessary to obtain that agency's approval, there was no evidence to show that the errors in water and sewer workmanship were in any way related to the failure of the appellees' plan to meet agency specifications during the early stages of construction.

■ The evidence was such that opinions could differ as to (1) whether or not appellees were negligent; (2) whether or not appellant was negligent (except that his negligence was admitted in connection of the water to the sewer); (3) whether or not appellant had performed the work under his contract in a skillful, careful, diligent and workmanlike manner (except for the same admission); and (4) whether or not appellees contributed to any failure on the part of appellant to perform under his contract. The questions were, therefore, for the trier of fact; and, since there was substantial evidence upon which he could have made the findings made by him, we cannot disturb such findings.

We note that the trial court refused to award to appellees a substantial portion of the $21,225.06 allegedly paid or to be paid to correct the allegedly improper work of appellant. Findings 6 and 7 reflect the failure of appellees to establish defective performance by appellant on all of the work performed by him. The trial court, therefore, did not attribute negligence or defective performance under the contract to all aspects of appellant's work.

Affirmed.