Lyle ANDERSON and Ann Anderson,
Appellants (Defendants),

v.

ROCKY MOUNTAIN FEDERAL SAV-
INGS & LOAN ASSOCIATION,
Appellee (Plaintiff).

No. 5679.

Supreme Court of Wyoming.

Sept. 28, 1982.

Barkley R. Bonine, Laramie, signed the brief and appeared in oral argument on behalf of appellants.

Gregory C. Dyekman of Dray, Madison & Thomson, P. C., Cheyenne, signed the brief and appeared in oral argument on behalf of appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellee-plaintiff brought an action against appellants to recover on a mobile home loan which appellants had assumed and which was in default. After a trial to the court, appellee was awarded $14,213.39 plus costs. On appeal from the judgment, appellants word the issues as follows:

I. Is there sufficient evidence to support the trial court's finding that appellants were informed of and agreed to the terms of the original security agreement not set out in the assumption agreement?

II. Is there sufficient evidence to support the trial court's finding that the appellee's accounting system did not contribute to the difficulty in resolving the dispute or (as stated by appellee) did not cause any damage to appellants?

III. Is there sufficient evidence to support the trial court's finding that no fiduciary relationship was created by the deposit of insurance proceeds with appellee with directions to apply the proceeds to the payment of appellants' debt?

IV. Did the trial court err in finding that the Federal Consumer Credit Protection Act and the Wyoming Uniform Consumer Credit Code were not violated by the appellee's failure to provide appellants with the required written financial disclosures?

Because we find sufficient evidence in the record to support the trial court's findings and because we find the Federal Consumer Credit Protection Act and the Wyoming Uniform Consumer Credit Code are not applicable to the transaction, we affirm.

In 1976, Countryside Mobile Homes of Laramie sold Vernon Larson and his wife a mobile home. A combined security agreement and contract for sale which included a provision for the acceleration of the entire balance due on the loan upon default was executed by the parties at that time. Countryside Mobile Homes assigned its interest in the loan to appellee. In 1977, the Larsons sold the mobile home to Robert M. Rowland and Sharon L. Rowland, appellants' predecessors in interest.

While the Rowlands were in possession of the mobile home a fire caused over $5,500 damage to it. The insurance proceeds were paid to Rowlands and appellee as co-payees. The proceeds were deposited in an escrow or "holding account" with appellee at that time.

In July of 1978 appellants purchased the fire-damaged mobile home from Rowlands for the purpose of repairing and selling it. Appellants agreed to assume the existing loan and signed an assumption agreement and an assignment and acceptance required by appellee's mobile home loan servicing company. Appellants requested that appellee use the insurance proceeds held by it to make monthly payments on the loan.

On July 25, 1980, the insurance proceeds were exhausted and the appellants were notified. In December of 1980 appellants were advised in writing that four payments were then due. In February of 1981, appellant, Lyle Anderson, spoke with appellee's collection officer and appellants subse-

quently made four additional payments. Payments were not made on the loan subsequent to April 24, 1981. A second fire caused substantial damage to the mobile home, and it has been transferred by sheriff's deed to a third party.

Where the sufficiency of the evidence is challenged as in this appeal, we accept as true the evidence of the successful party, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give the evidence of the successful party every favorable inference that may reasonably and fairly be drawn therefrom. *Cline v. Sawyer*, Wyo., 618 P.2d 144, 145 (1980); *City of Rock Springs v. Police Protection Association*, Wyo., 610 P.2d 975, 980 (1980). We will not substitute our judgment for that of the trial court and will sustain the trial court's judgment unless clearly erroneous or contrary to the great weight of the evidence. *City of Rock Springs v. Police Protection Association*, supra, 610 P.2d at 980; *Kvenild v. Taylor*, Wyo., 594 P.2d 972, 975–976 (1979).

### I.

Appellants contend that the trial court erred in holding that they were subject to the terms of the security agreement entered into as part of the original sale of the mobile home. They specifically argue that the interest, acceleration, and repossession provisions of the original security agreement could not be enforced against them because there is no evidence that they had been informed of the terms of the original security agreement.

At trial an "Assignment and Acceptance" required by appellee's mobile home loan servicing agent was admitted in evidence. It was signed by appellants and listed the unpaid balance of the loan, the number of monthly payments remaining and the amount of each payment. It also stated that the terms and conditions of the instalment contract were accepted and assumed "in the same manner and to the same extent as if I [appellants] originally signed such instrument." (Bracketed material added.)

In addition, the loan officer who handled the assumption testified that appellee's

> "normal procedure is to make the customer aware of how much the original loan was for, what the interest rate on it was, whether it was a simple interest or an add-on loan, how many payments are left, what the amount of those payments are, and what the remaining balance is."

The officer also testified that the consequences of a default on loan payments are also normally discussed prior to the assumption, and that the original security agreement is shown to the parties.

■ Viewing these facts in a light most favorable to appellee and giving them every favorable inference that may reasonably and fairly be drawn therefrom, we cannot say that the trial court's judgment was clearly erroneous. The appellants signed the assignment and acceptance, thereby accepting and assuming the terms and conditions of the security agreement, and we can infer from the evidence that the terms of the security agreement were explained to appellants.

### II.

The second issue raised on appeal concerns appellee's accounting system. Appellants contend that appellee's accounting system and appellee's failure to provide an accounting contributed to the difficulty in resolving the dispute at an earlier time. Appellee admits that the accounting procedures utilized in handling the application of the insurance proceeds to the debt were less than satisfactory but contends that there is no evidence that appellants were damaged thereby.

Appellee's collection officer testified that appellants had not requested an accounting. The loan officer, whose duty it was to make monthly payments on the loan out of the insurance proceeds, testified that all of the insurance proceeds were applied to the payment of the loan and that appellants were not harmed financially by appellee's accounting deficiencies. A certified public accountant called to testify on behalf of

appellants confirmed that all of the insurance proceeds were applied toward the payment of the loan.

A party seeking to recover damages must prove those damages with a reasonable degree of certainty. *Albin Elevator Company v. Pavlica,* Wyo., 649 P.2d 187, 192 (1982); *Wheatland Irrigation District v. McGuire,* Wyo., 562 P.2d 287, 298 (1977). There is sufficient evidence to support the trial court's finding that appellee's accounting system did not cause any damage to appellants.

## III.

The third issue concerns appellee's handling of the insurance proceeds. Appellants would have us characterize the insurance proceeds held by appellee as a "special deposit" made by appellants with appellee creating a fiduciary relationship between the parties. However, this contention is not tenable in view of the source and ownership of the insurance proceeds.

The fire damage occurred during the time the Rowlands owned the mobile home, and the insurance proceeds were paid to the Rowlands and appellee not to appellants. Pursuant to the security agreement the proceeds were assigned by the Rowlands to appellee.[1] Appellee placed the proceeds in an escrow or "holding" account.

The insurance proceeds were the property of the appellee and could be used by it either to repair the mobile home or to apply toward the unpaid balance of the loan. At the request of the appellants, appellee eventually applied the insurance proceeds to the unpaid balance of the debt as provided by the security agreement. A fiduciary relationship was not established.

## IV.

The final issue raised on appeal concerns the applicability of the written financial disclosure requirements of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq., and the Wyoming Uniform Consumer Credit Code—Loans, § 40–14–301, et seq., W.S.1977. Appellants contend that appellee failed to make the required disclosures, and appellee contends that the disclosure requirements are inapplicable because the transaction was not a consumer credit transaction.

Both the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq., supra, and the Wyoming Uniform Consumer Credit Code, § 40–14–301, et seq., W.S.1977, supra, apply only to consumer loans. Section 40–14–302, W.S.1977, provides:

"This article applies to consumer loans, including supervised loans; in addition part 6 applies to consumer related loans."

Section 40–14–304(a), W.S.1977, provides in pertinent part that a consumer loan is a loan in which:

"(ii) The debt is incurred primarily for a personal, family, household or agricultural purpose."[2]

The Federal Consumer Credit Protection Act contains a similar definition. It provides in part:

"(h) The adjective 'consumer', used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h).

1. The security agreement provides in pertinent part:
"* * * Debtor assigns and directs any insurer to pay to Secured Party the proceeds of all such insurance and any premium refund thereunder and authorizes Secured Party to endorse Debtor's name upon any instrument for such proceeds or refunds and to apply the same to any unpaid balance of the obligations hereunder, whether or not due, or the restoration of the collateral, returning any excess to the Debtor. Secured Party is authorized, whether in the name of Debtor or otherwise, to make, adjust and settle claims under any insurance upon the collateral. Said policies shall be held in the custody of Secured Party and shall bear loss payable endorsements in favor of Secured Party as its interests may appear."

2. A 1981 amendment to § 40–14–304(a)(ii) deleted the word "agricultural." Ch. 147, § 1, S.L. of Wyoming 1981.

Both acts require disclosure when credit is extended to a *consumer.* 15 U.S.C. § 1631(a) and § 40–14–320(b), W.S.1977.[3] See: 12 C.F.R. § 226.1(c).

The transaction must be examined as a whole to determine the purpose for which the credit was extended, i.e. whether or not it was a consumer loan. *Tower v. Moss,* 625 F.2d 1161, 1166 (5th Cir. 1980); *Gallegos v. Stokes,* 593 F.2d 372, 375 (10th Cir. 1979).

The unrefuted evidence establishes that the appellants purchased the mobile home so that they could repair it and resell it. There is no evidence in the record that appellants ever lived in the mobile home or intended to live there after the repairs were completed. Under these factual circumstances, we conclude that this credit transaction was not "primarily for a personal, family, household or agricultural purpose" and the financial disclosure requirements of the Federal Consumer Credit Protection Act and the Wyoming Uniform Consumer Credit Code are not applicable to this transaction.

Accordingly, we need not decide whether or not the trial court was correct in finding that the required financial disclosures were made. We find that the disclosures were not required under the facts of this case. We may affirm the judgment on appeal if it is sustainable on any legal ground appearing in the record. *Agar v. Kysar,* Wyo., 628 P.2d 1350, 1352 (1981); *Wightman v. American National Bank of Riverton,* Wyo., 610 P.2d 1001, 1003 (1980).

Affirmed.

**3.** Subsection (b) of § 40–14–320, W.S.1977, was repealed in 1982, Ch. 61, § 2, S.L. of Wyoming 1982. Subsection (e) was enacted, Ch. 61, § 1. Subsection (e) requires disclosure when credit is extended to a *consumer.*