Thea Ella CURLESS,
Appellant (Plaintiff),

v.

Timothy Dean CURLESS,
Appellee (Defendant).

Toby Diane CURLESS and Trist Ethan Curless, minor children, by and through their attorney, Thomas E. Campbell, Appellants (Movants),

v.

Timothy Dean CURLESS,
Appellee (Defendant),

Thea Ella Curless (Plaintiff).

Nos. 84–258, 84–259.

Supreme Court of Wyoming.

Oct. 29, 1985.

Murlie C. Hanson, Cheyenne, for appellant in Case No. 84–258.

Thomas E. Campbell of Hanes, Gage & Burke, P.C., Cheyenne, for appellants in Case No. 84–259.

Richard Wolf, Cheyenne, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROSE, Justice.

These appeals come here from a suit in divorce and denial of the children's petition for appointment of a guardian and motion to intervene under Rule 24(a) of the Wyoming Rules of Civil Procedure.[1] While the cases were separately litigated in the trial court, they have been consolidated upon appeal and the issues raised by each one will be resolved in this opinion.

1. Rule 24(a), W.R.C.P., provides:

"*Intervention of right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

## LITIGATION BACKGROUND

Thea Ella Curless, appellant, brought an action for divorce against Timothy Dean Curless, appellee. The judgment and decree granted the divorce, awarded custody of the two children, a boy, Trist, age 13, and a girl, Tobi, age 10, to their father with rights of visitation in the mother. The court divided the personal property and debts according to the agreement between the parties and awarded the house to appellee with the appellant's equity secured by a second mortgage in the amount of $36,000 to be paid in installments of $600 per month with ten percent interest. After entering judgment, the trial judge denied Mrs. Curless' motion for a new trial and denied the children's motion to intervene, as well as their motion to appoint a guardian ad litem.

Mrs. Curless appeals from the custody order and that part of the decree which allows the appellee to pay appellant's property settlement in installments, as well as the order denying a new trial. The children of the parties have attempted to appeal from the order denying their motion to intervene and refusal to appoint a guardian ad litem.

We will affirm.

## ISSUES

We are confronted with questions which ask whether the court abused its discretion in awarding the custody of the children to the father and in permitting the wife's equity in the house to be paid in monthly installments; whether the court erred in denying the appellant a new trial on the issue of custody and support; and whether there was error committed in denying a new trial for the reason that the court was inattentive during the trial. We are further requested to consider whether error was committed in denying a new trial for the alleged reason that appellee had misrepresented the truth during the trial and on the final ground that the court erred in not granting a new trial in response to newly discovered evidence.

In the intervenor suit the appellants contend that error was committed in not allowing them to intervene to seek a favorable response to their expression of custodial preference and in the court's refusal to appoint a guardian ad litem.

## FACTS

### Pertaining to Custody

The appellant, Thea Curless, filed for divorce in April, 1984, asking for custody of the Curlesses' two children, aged 13 and 10, child support and an equitable distribution of the marital property, assets and debts. Mrs. Curless is a junior high school teacher with a master's degree in education. Timothy Curless is gainfully employed by the Union Pacific Railroad. There is disagreement as to how much time Mr. Curless' job keeps him away from home and how much time Mrs. Curless' employment and extracurricular activities kept her from attending to the children— but the court heard all of that testimony. The parties disagreed upon which one did more or less than his or her share of household duties and attending of children, but the court heard these fact conflicts and took them into account in its decision making.

The court heard testimony to the effect that Mr. Curless is an alcoholic but that he has "quit drinking." Mr. Curless testified that he had not had a drink since he made a commitment to give up alcohol four years ago. There was evidence that Mr. Curless had been a user of marijuana and had a marijuana plant in his home. Mr. Curless testified that he had had "no involvement with any drugs for * * * 45 days," and had not had a marijuana plant in his home for the last "eight or nine years."

Finally, the court held, and the parties do not seriously contend otherwise, that both parties are fit and proper persons to have care and custody of the children.

## STANDARD FOR REVIEW

As in other appellate matters, we have articulated the same review standards for

domestic-relations appellate matters. In *Lawrence v. Lawrence,* Wyo., 628 P.2d 542, 545 (1981), we said:

" ' * * * There are settled appellate concepts which we follow, all for the most part favorable to the party prevailing in the trial court. An appealing party has a heavy burden to overcome. We must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party that conflicts with it and give the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it. *Jelly v. Dabney,* Wyo.1978, 581 P.2d 622, 624; *Laramie Rivers Co. v. Pioneer Canal Co.,* Wyo.1977, 565 P.2d 1241, 1243–44; West's Wyoming Digest, Appeal & Error Key Nos. 931(1) and 989. In this case, there were special findings of fact which must be construed liberally and favorably to the judgment. We presume that they are right and where the findings of the trial court are not inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence, they will not be disturbed on appeal. *Diamond Management Corp. v. Empire Gas Corp.,* 594 P.2d 964 (1979); *LeBar v. Haynie,* Wyo.1976, 552 P.2d 1107, 1110. Moreover, the trial judge was present and observed at first hand the demeanor and expressions of the witnesses. We must not forget that when we examine the cold words of the transcript of testimony, we do not have the benefit of how the trial judge sees and hears the witness—the pitch of the voice, facial changes, the movement in the witness—all of which may tell a separate story, to be given credence. The conclusion of what preponderates is with the trier of fact. *Koch v. Brown,* Wyo. 1965, 401 P.2d 459. Credibility of witnesses is for the trial court. *Hench v. Robinson,* 1955, 75 Wyo. 1, 291 P.2d 417; *Eblen v. Eblen,* 1951, 68 Wyo. 353, 234 P.2d 434. Appellate courts cannot try a case de novo. *Marken v. Goodall,* 10th Cir.1973, 478 F.2d 1052.' (Footnote omitted.) *Madrid v. Norton,* Wyo., 596 P.2d

1108, 1117 (1979); *Cline v. Sawyer,* Wyo., 618 P.2d 144, 145–146 (1980)."

We thus apply these precepts to the contentions at issue here.

## RESOLUTION OF THE CUSTODY–OF–THE–CHILDREN ISSUE

■ The trial court held that it was in the best interests of the children that custody be in the father with rights of visitation and temporary custody in the mother when the father is away from the family home on his job. Accordingly, the children will remain in the family home, enjoying the same neighborhood, schools and friends as was the situation before the divorce. We notice that during the trial there was testimony to the effect that the children had expressed to one of the witnesses on the stand a preference to stay with their mother. However, the children's wishes are only one factor for the court to consider when awarding custody. *Douglas v. Sheffner,* 79 Wyo. 172, 331 P.2d 840 (1958); *Bergstrom v. Bergstrom,* N.D., 296 N.W.2d 490, 10 A.L.R.4th 812 (1980).

The determination of custody rests within the sound discretion of the trial court, subject to correction only for abuse of discretion or violation of some legal principle. *Taylor v. Taylor,* Wyo., 388 P.2d 192 (1964). Any provisions to be made in a divorce decree regarding custody of minor children must, of necessity, be within the discretion of the trial court. *Altglass v. Altglass,* Wyo., 353 P.2d 1101 (1960). This court will not interfere with the decisions of the district court in custody cases unless there is a procedural error or unless it is established that there has been a clear abuse of discretion. *Ayling v. Ayling,* Wyo., 661 P.2d 1054 (1983).

We said in *Lovejoy v. Lovejoy,* 36 Wyo. 379, 256 P. 76, 79 (1927):

" * * * The decision of the trial court should not be disturbed, except on clear grounds, as that court is usually in a better position than the appellate court to judge of the respective merits and needs of the parties."

We have said that the matter of awarding custody in a divorce proceeding is a comparative proposition wherein the court exercises its best judgment and discretion, and custody will be awarded to the parent according to that which the court believes to be in the best interest and welfare of the children—all without regard to the fault of the divorcing parties. *Wilson v. Wilson*, Wyo., 473 P.2d 595 (1970).

■ The prime judicial objective in dealing with custody of minor children of divorced parents is to serve the best interest of the child—not to punish or reward one parent for real or supposed derelictions. *Henson v. Henson*, Wyo., 384 P.2d 721 (1963). That is what the court in *Butcher v. Butcher*, Wyo., 363 P.2d 923 (1961), found—that there was no error in awarding the custody of four minor children to the father in circumstances where the mother was given visitation at all reasonable times together with custody during the summer months. This situation is very similar to the case at bar.

We are mindful of these long-established precedents and, when applied to the facts of this case, it becomes impossible for us to say, as a matter of law, that the trial judge, in awarding custody here, was engaged in an abuse of his discretion. In truth, a review of the record shows that the court carefully considered all factors bearing upon the children's concerns and adjudged their welfare in a way which can be said to be in their best interest under all of the unhappy facts of this case.

## RESOLUTION OF THE PROPERTY–SETTLEMENT ISSUE

■ It is the further contention of appellant Thea Curless that the court abused its discretion in awarding the family home to the appellee with the appellant's equity to be paid over a period of years at ten percent per annum. The alternative to this plan would have been for the court to order the sale of the home where the children were being raised in order to accommodate appellant's financial preferences when those needs were being adequately accommodated through her job as a school teacher and the court's monthly payment plan.

We find no abuse of discretion in the property-settlement provisions of the decree.

Trial courts have great discretion in dividing marital property. *Paul v. Paul*, Wyo., 616 P.2d 707 (1980). There are no hard and fast rules governing property division. *Klatt v. Klatt*, Wyo., 654 P.2d 733 (1982); *Paul v. Paul*, supra. In a divorce proceeding, a just and equitable division is as likely as not to be unequal. *Paul v. Paul*, supra. The trial court's discretion will not be disturbed except on clear grounds. *Paul v. Paul*, supra. We will not constitute ourselves as a court of first instance in order to adjust the division of property in a divorce case. *Paul v. Paul*, supra. As an appellate court, our power to disturb a property settlement fixed by a trial judge is limited indeed. There must be a clear abuse of discretion before we will upset or adjust such a settlement. We consider "abuse of discretion," in this context, to be such abuse as shocks the conscience of the court. *Paul v. Paul*, supra, 616 P.2d at 714. As we said in *Paul v. Paul*, the abuse "must appear so unfair and inequitable that reasonable persons could not abide it."

In the case at bar, having awarded custody of the children to the father, it was then within the court's discretion to award him the family home, with a $36,000 lien for the benefit of Mrs. Curless to secure her equity. Considering that all expenses of the home and children fall on Timothy Curless, it cannot be said as a matter of law that the payment of $36,000 in installments is an abuse of discretion. Thea Curless has a master's degree and is employed as a junior high school teacher. Her salary plus the $600 per month from the property settlement should make finding housing relatively simple. That she might have preferred a different arrangement or found it more beneficial does not mean the trial court exceeded its authority, and we hold that it did not.

## RESOLUTION OF THE DENIAL–OF–MOTION–FOR–A–NEW–TRIAL ISSUE

■ Appellant moved for a new trial upon grounds that are simply unsupported by the evidence. For example, she urges inattention of the court when the record indicates exactly to the contrary. She urges that the witnesses lied, but it turns out that she is talking about conflict in the evidence rather than perjured testimony. Appellant's further ground for new trial is bottomed in the assertion that she is possessed of newly discovered evidence of which the court system should take cognizance.[2]

On the issue of newly discovered evidence, we said in *Walton v. Texasgulf, Inc.*, Wyo., 634 P.2d 908, 913 (1981):

> " * * * Our past decisions make it clear that the party seeking a new trial on the basis of newly discovered evidence must satisfy the court that: (1) the evidence has come to his knowledge since the trial; (2) it was not owing to the want of due diligence that it did not come sooner; (3) it is so material that it would probably produce a different verdict if a new trial were granted; and (4) it is not cumulative, viz, speaking to facts in relation to which there was evidence at trial. *Opie v. State*, supra, [Wyo.] 422 P.2d [85 (1967)] at 85; *John B. Roden, Jr., Inc. v. Davis*, supra, [Wyo.] 460 P.2d [209 (1969)] at 216. We also said in Opie that:
>
>> " ' * * * [I]t is within the sound discretion of the trial court to grant or refuse a motion for new trial based on the discovery of new evidence; and that the action of such court cannot be challenged except for an abuse of discretion. * * * ' *Opie v. State*, supra, 422 P.2d at 85."

In support of her after-discovered-evidence contention, Mrs. Curless simply states that she later discovered facts that she did not know about at the time of trial in that she did not know that one of the children was receiving counseling when the parties were before the court. This is just as good a time as any to say that this court will not entertain such an assertion without facts and briefing which will permit us to consider the issue under Rule 59(a)(7), W.R.C.P. We cannot tell from either the record or Mrs. Curless' brief whether she exercised such diligence in preparing for trial as would have permitted the discovery of the evidence relied upon in the motion-for-new-trial contentions.

In this regard, the rule is that:

> "A party cannot neglect to exercise such diligence in the preparation of his case as the circumstances reasonably suggest and as would enable his attorney to take the necessary steps to procure the evidence, go to trial without it, and when defeated be entitled to a new trial for the lack of evidence which could have been produced had proper diligence been exercised. [Citations.]" *Saunders v. Saunders*, Wyo., 464 P.2d 1020, 1023 (1970).

We cannot tell whether the evidence upon which the appellant relies was discoverable prior to trial, whether it was merely cumulative, or whether it was of such import and materiality as would have "probably produce[d] a different verdict if a new trial were granted," 634 P.2d at 913, and there is no recitation of facts or appropriate citations of law to inform us in these matters. In such circumstances, we cannot

---

**2.** Rule 59(a)(7), W.R.C.P., governs the newly discovered evidence ground for obtaining a new trial. It provides:

"(a) *Grounds.*—A new trial may be granted to all or any of the parties, and on all or part of the issues. On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. Subject to the provisions of Rule 61, a new trial may be granted for any of the following causes:

    ✻    ✻    ✻    ✻    ✻    ✻

"(7) Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial; * * * "

and will not consider the Rule 59(a)(7), W.R.C.P., grounds for new trial.

### RESOLUTION OF THE CHILDREN'S INTERVENOR–AND–GUARDIAN– AD–LITEM ISSUE

*Intervenor*

■ The appellant-children's motion to intervene was not timely filed and cannot be considered by the court upon the alleged merits of the motion.

Rule 24(a), W.R.C.P., provides in pertinent part:

"*Intervention of right.*—Upon *timely application* anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." (Emphasis added.)

The children, the parents of the children and the attorneys for the parents knew or are chargeable with the knowledge in all the circumstances of this case that the custodial rights and interests of the minors would be settled in the divorce case absent a timely motion to intervene and the appointment of a guardian ad litem.

The motion and trial scenario went like this:[3]

"* * * On July 20, 1984, after the trial but prior to the entry of the Judgment and Decree, the Appellants through their attorney filed a Motion To Intervene together with a Complaint requesting custody be granted to the Mother with liberal visitation rights granted to the Father * * *, Motion To Appoint Guardian Ad Litem and Motion For New Trial Or In The Alternative To Amend Judgment. On that same day, July 20, 1984, the Motions were set for hearing for August 14, 1984. * * *

"A Judgment and Decree was filed August 7, 1984 which granted a divorce to the Mother, divided the property of the parties and awarded custody of the Appellants to the Father. The Court found that 'both parties are good parents, fit and proper to have custody ...' and further found that 'It is in the best interests of the minor children that the father, Defendant, be granted custody'. * * *

"A hearing was held on Appellants' Motions on August 14, 1984 together with a Motion For New Trial filed by the mother. On October 3, 1984 an Order Denying Intervenors' Motions was filed."

As can be seen, the motion to intervene was not filed until after the trial of the case. Although the judgment was finalized August 7, 1984, after the motion to intervene was filed, the issues had already been heard and adjudicated.

Timeliness is a condition precedent for exercising rights contemplated by Rule 24(a), W.R.C.P. To wait until after adjudication of the issues is too late, barring extraordinary circumstances. *McDonald v. E.J. Lavino Company*, 430 F.2d 1065 (5th Cir.1970). The determination of timeliness was within the court's sound discretion. In the exercise of that discretion, the trial court must weigh time limits in light of the circumstances of the particular case, including whether it was possible for the applicants to have sought intervention earlier. *In re Marriage of Guinn*, Colo.App., 522 P.2d 755 (1974). While the issue of timeliness is flexible, it necessarily must be left to the discretion of the trial court. *In re Marriage of Guinn*, supra, 522 P.2d at 756; *American States Insurance Co. v. Hartford Accident and Indemnity Co.*, 218 Kan. 563, 545 P.2d 399 (1976). The application of the intervenor must be made when it is still practical for other parties to enter the action. *James S. Jackson Company, Inc. v. Horseshoe Creek Limited*, Wyo., 650 P.2d 281 (1982). Waiting until after the adjudication of the issues is too late.

---

3. From the appellant-children's brief.

The appellant-children cite at length cases declaring that children's constitutional rights should be protected like those of adults. None of this is pertinent, since the children's motion was denied because of untimeliness [4] and not for constitutional reasons.

## APPOINTMENT OF GUARDIAN AD LITEM

 The second issue raised by the children has to do with whether or not the court erred in failing to appoint a guardian ad litem. This motion, together with the motion for new trial, was filed on July 20, 1984—after the trial of the issues. For all of the reasons that the motion to intervene was not timely, neither was the motion to appoint a guardian timely. Further, it is clear to this court that the interests of the children were carefully placed before and considered by the court and that their welfare was in all respects taken into account.

Affirmed.

THOMAS, C.J., files a specially concurring opinion.

THOMAS, Chief Justice, specially concurring.

I feel that I am bound by our rules on review which require that a clear abuse of discretion be identified in order for this court to interfere with the exercise of the trial court's discretion with respect to awarding custody. I am constrained to say, however, that only the facts that Mr. Curless testified to abstention and also apparently was committed to a controlled substance rehabilitation program prevent me from finding a clear abuse of discretion. This case is marginal, but given the clearly deleterious effects of controlled substance use in our society I would have a very difficult time sustaining an award of custody by a trial court to a parent who did use controlled substances unlawfully and was not at the time of the custody award actively involved in adjusting that life style.

4. See "The Requirement of Timeliness Under Rule 24 of the Federal Rules of Civil Procedure." 37 Va.L.Rev. 863 (1951).