Teresa Ladd **RITTENBERRY**, Appellant,

v.

Ricky Howard **RITTENBERRY**, Appellee.

Teresa Ladd (Rittenberry) **HAWKINS**, Appellant,

v.

Ricky Howard **RITTENBERRY**, Appellee.

Court of Appeals of Kentucky.

Sept. 21, 1979.

John W. Combs, Stephen E. Underwood, Hopkinsville, for appellant.

Thomas L. Osborne, Osborne, Deatherage & Fletcher, Hopkinsville, for appellee.

Before COOPER, LESTER and VANCE, JJ.

COOPER, Judge.

These two domestic relation cases were consolidated because the same parties were involved and common issues were presented. This is an appeal from a judgment and order dissolving the marriage of the parties in the original complaint and granting custody of the infant child to the intervening petitioners.

Three issues are before this Court: (1) Whether the trial court erred in permitting Jackie and Gay Nell Rittenberry to intervene in this action, (2) whether the trial court erred in failing to award custody of Rebecca Lynn Rittenberry to her mother, the appellant, and (3) whether the trial court erred in refusing to allow the mother to visit her daughter.

The appellant, Teresa Ladd (Rittenberry) Hawkins, and the appellee, Ricky Howard Rittenberry, formerly husband and wife, are the parents of Rebecca Lynn Rittenberry, (Becky), the main subject in this litigation. These proceedings are the result of a stormy marriage. Teresa and Ricky shared the custody of Becky until Ricky filed a motion seeking custody. It appears from the record that without notice, hearing, or the taking of proof, the trial court awarded temporary custody to Ricky. Within a few days of this order the Grand Jury of Christian County indicted Ricky on a number of criminal charges. He later pled guilty to three (3) counts of soliciting murder and was sentenced to fifteen (15) years on each count to run concurrently.

The trial court immediately, and without notice or hearing, entered an order granting temporary custody of Becky to Jackie and Gay Nell Rittenberry, the intervening petitioners, who were the brother and sister-in-law of Ricky. These designated custodians then filed a petition to intervene which was granted without a hearing.

On August 30, 1978, the court entered its findings of fact, conclusions of law, and final judgment granting custody of Becky to the intervening petitioners, Jackie, and Gay Nell Rittenberry. The court's final decree made no mention of visitation. In October of 1978, a hearing was held upon appellant's motion to amend, alter or vacate the judgment, or in the alternative to establish appellant's visitation rights. These motions were overruled and denied by the trial court. In response thereto, a motion was made on October 19, 1978, pursuant to CR 52.04, requiring the trial court to make specific findings of fact as to its failure to provide rights of visitation for appellant with Becky. In a hearing upon this motion on December 14, 1978, the trial court entered an order submitted by counsel for Ricky, Jackie, and Gay Nell, denying the appellant any rights of visitation.

It has come to this Court's attention that counsel for appellee prepared and submitted all findings of facts, conclusions of law, and orders in this case. In the case of *Brunson*

*v. Brunson*, Ky.App., 569 S.W.2d 173 (1978), this Court said the following at p. 175:

> The practice by some trial courts of delegating the task of preparing findings of fact to the "winning attorney" has been universally disapproved.

*See also, Callahan v. Callahan*, Ky.App., 579 S.W.2d 385 (1979). It appears this practice may have been abused in this case.

Three issues were considered by this Court; however, due to the facts of this case we believe it necessary to discuss only the one having reference to child custody.

We doubt if the appellant has ever had her day in court. It seems that all major decisions were made without notice to her or her counsel. The learned trial judge seems to base his opinion on sexual misconduct of the appellant. It is a well-established rule in this Commonwealth that the sexual misconduct must affect the relationship between the child and parent. In the case of *Moore v. Moore*, Ky., 577 S.W.2d 613 (1979), the Supreme Court of Kentucky recently stated at p. 614, in part, as follows:

> The only conclusion to be drawn from KRS 403.270(2) when read with the note of the commissioners is that there must be proof that the sexual misconduct affects the relationship of the parent to the child; otherwise, the evidence of such misconduct is irrelevant and should not be admitted into evidence.

As a matter of law, the facts in this case are not sufficient to deny a natural mother the custody of her child in favor of a non-parent.

The judgment is reversed with directions to enter a new judgment in this case granting permanent custody of Rebecca Lynn Rittenberry to the appellant, Teresa Ladd (Rittenberry) Hawkins.

All concur.