**Rudy HERNANDEZ, Appellant (Defendant),**

v.

**James GILVELI and Karen Gilveli, Appellees (Plaintiffs).**

No. 5423.

Supreme Court of Wyoming.

April 2, 1981.

Douglas J. Moench, Jr. of Cole & Moench, Cheyenne, signed the brief and appeared in oral argument on behalf of appellant.

Philip P. Whynott, Cheyenne, and Marv Tyler, Student Intern, signed the brief on behalf of appellees; and Philip P. Whynott appeared in oral argument.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN *, JJ.

RAPER, Justice.

In an action in the district court appellees alleged and produced evidence of an assault by appellant based upon threats to inflict injury upon them, coupled with an apparent present ability to do so, such as would give them, as victims, reason to fear or expect immediate bodily harm. The case was tried to a jury which returned a verdict for appellees in the sum of $8,500.00 plus costs and interest. The trial judge dismissed a counterclaim making like charges, because appellant failed to appear for the trial. Following denial of a new trial, notice of appeal was timely filed.

The appellant frames the issues to be:

1. "In an action based on assault, where the sole evidence adduced at trial relates the apprehension of plaintiffs during a particular time and course of conduct and no evidence whatsoever is adduced as to future suffering, and no pleadings as to future suffering are pled, then an instruction to the jury directing the award of future damages is erroneous and the award must be reduced."

2. "Where the court allows the pleadings to be amended to conform to proof, which is non-existent, at a point after the close of all evidence, the opposing party is severely prejudiced and deprived of his right to prepare, to present rebuttal, to cross-examine or answer in closing statements." [1]

We will affirm.

I

Christine Hernandez, a friend of the appellees after having been beaten up by her husband, the appellant, was taken to the Base Hospital, Warren Air Force Base, Cheyenne, by Karen Gilveli, one of the appellees. There, Ms. Hernandez was treated for a slash on her face which required twelve stitches. The injuries had been caused by appellant wielding and striking her with a beer bottle. After medical treatment, Ms. Hernandez was taken into the home of appellees because she was afraid to return to her own out of fear of her husband, appellant. She had been severely beaten by him on previous occasions.

Apparently out of anger at the appellees for taking in his wife, appellant made numerous telephone calls to James Gilveli, appellee, a Senior Airman stationed at Warren Air Force Base where he, his wife and three children had quarters, threatening the safety of appellee's wife and children and further threatening he would catch them downtown or when leaving the Base. Appellant extended an invitation to Airman Gilveli to meet and fight it out with him, threatened to take a knife to him, and get onto the Base and blow the head off appellant's wife with a shotgun and "possibly anybody that was around her."

On one occasion a friend with a pass to the Base, sneaked appellant in the back of her car into the area of appellees' quarters where they snooped around but were caught by Base policemen. Karen Gilveli was pregnant and under stress at the time from the threats against her husband.

Even after Ms. Hernandez was divorced from appellant and moved to California, the threats continued, including a promise by appellant to force Karen Gilveli to have sexual intercourse with him.

These threats occurred while Karen Gilveli was employed by radio station KFBC in Cheyenne. As a result, she and her husband experienced fear that appellant would accost and attack her going to and from where she parked her car. Cheyenne police were alerted to the situation

---

* District Judge at time of oral argument when assigned upon recusal of McCLINTOCK, J., now retired. Justice of this court effective March 26, 1981.

1. Appellees believe the issues may be more simply stated:

"1) May the trial judge, in his role [sic] discretion, allow an instruction for future damages in an assault trial?; 2) May the trial judge, in his sole discretion, allow counsel for Appellees to amend his pleadings at the close of the evidence, to conform to the evidence?"

that appellant had threatened to catch her when she got off work. Airman Gilveli testified that, at the time of trial, they still suffered apprehension and fear.

The evidence at the trial was undisputed that the threats initially came after Christine Hernandez moved in with appellees. At first they came every day for about two weeks around 4:00 o'clock a.m. and the caller would just breathe and not say anything. Later, all that was said was "F___ you." Then later he said, "I'll F___ you, you mother." Karen Gilveli, as noted, was pregnant at the time and began cramping and feeling ill, which she had not experienced while carrying her other two children. She received threatening calls while at work from appellant. Members of her employer's staff would accompany her to and from her car. She had many "sleepless nights, a lot of anxiety and worry." Appellees' sleep was interrupted by the phone calls. Karen Gilveli testified that, "I'm still having a lot of sleepless nights." The testimony of the threats was corroborated by other members of the military police listening on an extension phone at the Gilveli home and telephone records of many phone calls from appellant's residence to that of appellees, recorded by an authorized "trap" conducted by Mountain Bell.

At the close of the evidence, at the instruction conference, appellant's counsel objected to the court's proposed instruction No. 5 with respect to that part which advised the jury that if it found that the plaintiffs were entitled to a verdict it could award them a sum "(2) for any mental anguish, which you find from the evidence in the case that they are reasonably certain to suffer in the future from the same cause," on the ground there was no evidence of future suffering. Counsel for appellees placed into the record of the conference: "We would move to conform the pleadings in the case to the evidence, Your Honor, in the region pertaining to pain and suffering, past and future." The motion to amend was allowed.

## II

Appellant complains that there was no evidence during the course of the trial to sustain a verdict for future suffering and that it was error for the jury to have been instructed that it could grant damages for future damages. We agree that instructions not sustained by the evidence must not be given. *Gilliland v. Rhoads*, Wyo. 1975, 539 P.2d 1221, 1231.

The following testimony was given by Karen Gilveli:

"Q. Do you know the type of vehicle, for example, Mr. Hernandez drove?

"A. Yes.

"Q. What was that?

"A. A red pickup truck.

"Q. Your husband testified earlier as to looking over your shoulder and so on, is that correct?

"A. Yes.

"Q. And how did that affect you, if any?

"A. Every time we see a red pickup truck, we make sure it's not him driving it, especially around the Base, and we try to avoid the south end of town, also.

"Q. Has it had any other affect [sic] on you?

"A. Other than a lot of anxiety and worry. I'm still having a lot of sleepless nights."

Senior Airman Gilveli testified:

"Q. Has this had an affect [sic] on your staying here in Cheyenne?

"A. Yes. It's really messed it up. We don't go to the south side. We're very conscious when we are driving and we see a red pickup go by, which is the kind of vehicle he owns. We both have this where we kind of look over our shoulders to see whose pickup that was that went by.

"Q. You don't do that today, do you?

"A. Yes, sir."

It was settled by this court in *Mariner v. Marsden*, Wyo. 1980, 610 P.2d 6, 14–15, that the existence of such elements of damage at the time of trial permits a reasonable inference that future damages

will be sustained. See also Annotation, 18 A.L.R.3d 10. We hold there was evidence of future damages which justify the trial judge's instruction.

### III

■ The appellant finally argues that the trial judge should not have permitted the appellees to amend their pleadings to conform to the evidence and appellant was prejudiced. We disagree.

■ Rule 15(b) and (c), W.R.C.P. allows amendments to conform to the evidence and they may relate back:

"(b) When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such amendment.

"(c) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The law in this jurisdiction is well settled that the decision to allow amendment, when required by justice, is within the discretion of the district court and that decision will be reversed only for an abuse of that discretion. The guideline on review is whether or not the adverse party was prejudiced by allowance of the amendment. *Elder v. Jones*, Wyo. 1980, 608 P.2d 654, 657.

We would point out that the appellant did not object to the testimony pointed out and quoted in Part II of this opinion as not being within the issues made by the pleadings. We would further note that the appellant did not move for a continuance in order to meet the amendment. Appellant's sole objection to the amendment was that there was no evidence of future damage, apparently unaware of *Mariner v. Marsden*, supra. His sole argument appears to be, "You can't do that." That is not enough.

No prejudice whatsoever is demonstrated. An examination of the instructions offered by the appellees (plaintiffs), filed with the court and served on appellant's counsel July 21, 1980, pursuant to the trial judge's Pretrial Conference Report and Order, dated July 15, 1980, contained the very instruction given by the court as to future damages. The offered instruction eliminated any element of surprise and appellant was alerted to prepare for such a claim. The trial was held August 4, 1980. We hold the amendment of the pleadings to conform to the evidence was proper.

■ As an afterthought, appellant in his brief requested an order of this court for remittitur of damages, without argument and citing a case not in point. This court will not consider a perfunctory or no argument in support of a contention. *Scherling v. Kilgore*, Wyo. 1979, 599 P.2d 1352.

Affirmed.