**Thomas Dwight LAWRENCE,
Appellant (Plaintiff),**

v.

**Lori Ann LAWRENCE, Appellee
(Defendant).**

No. 5454.

Supreme Court of Wyoming.

May 21, 1981.

Jack R. Gage of Hanes, Gage & Burke, P. C., Cheyenne, signed the brief and appeared in oral argument on behalf of appellant.

Frank J. Jones, Wheatland, signed the brief and appeared in oral argument on behalf of appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-plaintiff appeals from that portion of a divorce decree which awarded custody of the 18-month-old son of the parties to appellee-defendant, the wife.

We affirm.

Appellant words the issues for review on this appeal as follows:

"a) Did this case, and does the procedure in Wyoming trial courts in child custody cases, deny equal protection and due process to fathers?

"b) Are the Findings of Fact and Conclusions of Law supported by the evidence?

"c) Should Wyoming's tender years doctrine and/or maternal preference be overturned?

"d) Did the trial court properly apply applicable statutory law?

"e) Are the Findings of Fact and Conclusions of Law properly structured?"

Such issues and appellant's argument upon them are founded on the contention that the award of child custody was here made on a presumption that the wife is entitled to custody if the relative fitness of the parties are the same. Appellant describes the system for determining custody in Wyoming as being a "mud-slinging" contest rather than a "no fault" system as was intended by the legislature in a 1977 amendment of § 20–2–113(a).[1] He contends

---

1. Prior to 1977, the section was 20–61, W.S. 1957. It read:

"The court, in granting a divorce, and also upon pronouncing a decree of nullity of a marriage, may make such disposition of, and provision for, the children as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; and the court may from time to time afterward on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of such children, as the circumstances of the parents and the benefit of the children shall require."

Section 20–2–113(a), W.S.1977 reads:

"(a) In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. The court shall consider the relative competency of both parents and no

that the trial courts improperly continued to apply a "maternal presumption" articulated in *Butcher v. Butcher*, Wyo., 363 P.2d 923, 924 (1961) that, "ordinarily the care and custody of young children should be awarded to the mother"; that of the recognition by the mother of this attitude of the courts tends to encourage her to seek a divorce rather than expending more effort toward a successful marriage; and that a "matriarchal" society results in which many children are raised only by their mothers. He argues that the father has a heavier burden of proof than does the mother in that he must show his fitness and the mother's unfitness to prevail whereas the mother can prevail upon the showing of her own fitness only. This, he says, is a denial of equal protection of the laws.

These policy and philosophical arguments[2] have no pertinency to the facts of this case. Appellant points to finding of fact number 32 made by the trial court, i. e., "[t]hat both the plaintiff and the defendant are fit and proper persons to have the care, custody and control of said minor child," to support his contention that the child custody award was made on an improper and illegal assumption that such custody is ordinarily to be that of the mother. Appellant completely disregards the other findings of fact made by the court which reflect consideration given by it to all aspects of the relationship in an effort to make the award which would be in the best interests of the child.

The following findings of fact and conclusions of law as made by the trial court indicate the consideration given by the court to factors other than one "solely" on gender of the parents as required by § 20–2–113(a) in making the determination of child custody:

> award of custody shall be made solely on the basis of gender of the parent. On the petition of either of the parents, the court may revise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires."

"FINDINGS OF FACT

\* \* \* \* \* \*

"4. One child, Jason Beau Lawrence, was born on the 23rd day of May, 1979, as issue of this marriage.

"5. Plaintiff would yell and curse at the minor child during the marriage, the last time being within one or two months prior to the time the parties separated, the date of separation being June 29, 1980.

"6. Plaintiff has at times displayed a violent temper in the presence of the child, one time throwing a candelabra into the wall, breaking the candelabra and another time hitting a door with his fist making a hole in the door.

"7. Defendant has shown continued love and devotion to the child and plaintiff has at times demonstrated loss of patience and frustration with actions of the child, in particular at times when the child would cry.

"8. Plaintiff did not care for the minor child when the child was very small and would sleep all night although asked to care for him by the child's mother.

"9. Plaintiff did not attend the first birthday party of the minor child.

"10. On one occasion plaintiff refused to attend to or care for the parties' minor child when requested to do so by Lori Ann Lawrence while she was ill and experiencing great discomfort.

"11. After the separation of the parties defendant returned to the residence of plaintiff to obtain some of her personal belongings and found moldy food in the refrigerator. The minor child of the parties was in the care, custody and control of the plaintiff at this time.

"12. While in the sole care of plaintiff for a period immediately preceding the trial of this matter the minor child suffered from a respiratory illness and showed signs of bad diaper rash.

2. A review of the several positions on this matter is in Annotation: *Modern Status of Maternal Preference Rule or Presumption in Child Custody Cases*, 70 A.L.R.3d 262.

"13. Defendant presently resides with her parents in a well furnished, well kept three bedroom home located in Wheatland, Wyoming, in which the parties' minor child has his own room.

"14. Defendant can provide a suitable home environment for the parties' minor child.

"15. Defendant has made arrangements for placement of the minor child in a licensed day care center during the hours she is at her place of employment.

"16. Defendant receives free medical service for herself and her minor child as a benefit of her employment with the Wheatland Medical Clinic.

"17. Jeff Nelson, Family Service Specialist of the Platte County Department of Social Services conducted a home study of the home of Lori Ann Lawrence (as ordered by the court) and found that the parties' minor child would not want for love, attention or care in the home and that the home was well furnished and well kept.

"18. Defendant left the family home on the 29th day of June, 1980, because of boredom as a result of plaintiff continually watching television while home or sleeping during the early evening hours and not showing attention to her or the parties' minor child.

\* \* \* \* \* \*

"22. Plaintiff has displayed a violent temper at times when upset such as putting his fist through the door, shouting and cursing at defendant when she was unable to get a vehicle started, and throwing a cooked meal in the trash and refusing to eat, the latest incident occurring in April of 1980.

"23. Plaintiff habitually used profane and obscene language in the presence of defendant, the parties' minor child and in the company of others.

\* \* \* \* \* \*

"30. As an ultimate finding of fact the court finds there was conflicting testimony given by the parties in various area [sic] relating to the care of the minor child by the respective parties, the relationship of the parties to each other, the general conduct and attitude of the parties, the love and devotion shown by the parties to the child and to each other and the conduct of the defendant after attending the modeling school.

"31. That on two occasions during the marriage, the defendant wife committed adultery, once prior to the separation of the parties and once after their separation; that defendant's conduct in this regard was occasioned by the plaintiff's withholding of love and affection to the defendant as set forth in finding of fact No. 20.

"32. That both the plaintiff and the defendant are fit and proper persons to have the care, custody and control of said minor child.

## "CONCLUSIONS OF LAW

"1. Where there is conflicting testimony the court concludes the plaintiff's testimony is less convicing [sic] and less believable than that of the defendant and the court gives less credence and less weight to the plaintiff's testimony in the areas where the testimony was conflicting.

\* \* \* \* \* \*

"7. The defendant, Lori Ann Lawrence, should have vested in her the care, custody and control of the minor child of the parties, Jason Beau Lawrence, subject to reasonable and generous visitation rights in the plaintiff.

"8. The plaintiff, Thomas Dwight Lawrence, should pay the sum of $150.00 per month unto defendant as his share of support for the care and maintenance of the parties' minor child; provided, however, that in the event that plaintiff should have the care of the minor child under visitation rights for a period of one full month or more, that said child support payments shall, for each such month, be reduced to $75.00 for that particular month.

" \* \* \* "

The ultimate goal in awarding child custody is to accomplish the best interests of the child. This is expressed in § 20–2–113(a), supra. In its opinion letter, the trial court said that in making the award to appellee in this case, it:

"* * * found on the balancing of all of the testimony and evidence in the case that it would be in the best interests of said minor child to so award custody in this case."

There is no basis for appellant's contention that a "maternal presumption" was applied in this case. Therefore, he cannot support error with reference to issues, a, c and d here presented for review.

In support of his argument that the findings of fact and conclusions of law were not supported by the evidence (issue b), appellant refers to testimony adverse to appellee's "fitness" to be awarded custody of the child and to testimony such as that of a psychologist who testified that in her opinion sex should not be a determining factor in awarding custody and that "with two parents being equal in the majority, then I would favor probably the same sex parent." We have said:

"* * * There are settled appellate concepts which we follow, all for the most part favorable to the party prevailing in the trial court. An appealing party has a heavy burden to overcome. We must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party that conflicts with it and give the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it. *Jelly v. Dabney*, Wyo.1978, 581 P.2d 622, 624; *Laramie Rivers Co. v. Pioneer Canal Co.*, Wyo.1977, 565 P.2d 1241, 1243–44; West's Wyoming Digest, Appeal & Error Key Nos. 931(1) and 989. In this case, there were special findings of fact which must be construed liberally and favorably to the judgment. We presume that they are right and where the findings of the trial court are not inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence, they will not be disturbed on appeal. *Diamond Management Corp. v. Empire Gas Corp.*, 594 P.2d 964 (1979); *LeBar v. Haynie*, Wyo.1976, 552 P.2d 1107, 1110. Moreover, the trial judge was present and observed at first hand the demeanor and expressions of the witnesses. We must not forget that when we examine the cold words of the transcript of testimony, we do not have the benefit of how the trial judge sees and hears the witness—the pitch of the voice, facial changes, the movement in the witness—all of which may tell a separate story, to be given credence. The conclusion of what preponderates is with the trier of fact. *Koch v. Brown*, Wyo.1965, 401 P.2d 459. Credibility of witnesses is for the trial court. *Hench v. Robinson*, 1955, 75 Wyo. 1, 291 P.2d 417; *Eblen v. Eblen*, 1951, 68 Wyo. 353, 234 P.2d 434. Appellate courts cannot try a case de novo. *Marken v. Goodall*, 10th Cir. 1973, 478 F.2d 1052." (Footnote omitted.) *Madrid v. Norton*, Wyo., 596 P.2d 1108, 1117 (1979); *Cline v. Sawyer*, Wyo., 618 P.2d 144, 145–146 (1980).

■ Although there were negative factors relative to awarding child custody to appellee (as appellant notes), a review of the record discloses the existence of positive factors in that respect as well as both positive and negative factors pertaining to an award of custody to appellee. There is testimony in the record to support the findings of fact made by the court.

"There is no rule of law which says only persons without faults can be parents. Seldom if ever does a divorce court have a choice between a parent who is all good on one side and a parent who is all bad on the other side. The matter of awarding custody is a comparative proposition wherein the court exercises its best judgment and discretion and awards custody to one parent or to the other, according to what the court thinks is for the best interest and welfare of the children." *Wilson v. Wilson*, Wyo., 473 P.2d 595, 598 (1970).

The final issue here presented by appellant (issue e) challenges the "structure" of the findings of fact as being ultimate findings rather than findings of basic facts, citing, *Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission*, Wyo., 446 P.2d 550 (1968). In that case, the findings which were considered "ultimate" were such as:

" * * * that Rule 302 was a valid regulation; that the evidence did not demonstrate present waste in the field; that the evidence was not sufficiently definite and certain to permit the commission intelligently to enter an order for protection of correlative rights in terms of allocation of production of the parties' properties on a reasonable basis; and in so-called finding number seven stated:

" 'That the evidence submitted unto the Commission does not, without undue speculation, establish sufficient cause for the granting of an exception to rule 302 unto applicant to drill a well upon the Meeteetse No. 15 Tract for the protection of applicant's correlative rights.' " 446 P.2d at 553.

The findings of fact here made are not "ultimate" as were those considered in Pan American. The determination of the child's best interest in making a custody award in a divorce case is a question of fact for the trier of fact. *Taylor v. Taylor*, Wyo., 388 P.2d 192 (1964); *Butcher v. Butcher*, supra; 27B C.J.S. Divorce §§ 308(b), 309(2), and 310.

Appellant contends that there is a conflict between finding of fact number 32 to the effect that both parties are fit and proper persons to have custody of the child and the findings of fact which reflect derogatory characteristics of the parties. We again note the quotation, supra, from Wilson, and we point out that the trial court exercised its discretion in making the decision relative to child custody and visitation. In its discretion, it found derogatory characteristics in both parties, but not of sufficient magnitude to make either unfit to have custody of the minor child. It also found that the best interests of the child would be served by awarding custody to appellee. We find no reason to disagree.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * * " *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980).

Affirmed.