**Cherryl H. FORBES, Appellant (Plaintiff),**

v.

**Waldo E. FORBES, Appellee (Defendant).**

**No. 83–103.**

Supreme Court of Wyoming.

Nov. 29, 1983.

Michael K. Shoumaker of Shoumaker & Murphy, Sheridan, for appellant.

Lawrence A. Yonkee of Redle, Yonkee & Arney, Sheridan, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant wife appeals from a divorce decree wherein appellee husband was granted the care, custody and control of the parties' two minor children contrary to a stipulation entered into by the parties. We will affirm.

The parties entered into a stipulation providing that the children would reside with each parent for approximately one-half of the year. The children were to live with their mother from Thursday evening through Monday morning and with their father from Monday evening through Thursday morning of each week. Appellant, before the divorce was finalized, moved the court to be relieved from the terms of the stipulation so that she would have primary custody. Appellant's reasons were that: She was studying to become a nurse and would probably have to leave Sheridan, Wyoming, to seek employment; she believed that a new court proceeding could be brought at any time to change the custody and was unaware of the effect of the court decree or the difficulty and presumption involved in changing custody; and since the stipulation had been in effect, she had become aware that the children were being harmed by the lack of stability and "living out of a suitcase."

The divorce action and motion to set aside the stipulation were heard by the district court. Appellee asked that the stipulation be approved or in the alternative that primary custody be awarded to him. The court decided, after hearing the testimony of the parties, that primary custody should be awarded to the appellee father; appellant was granted visitation rights. Appellant appeals from this decision.

Appellant's statement of the issue is whether the district court judge abused his discretion by awarding custody to the father based on the misconduct of the wife. We find that there was no abuse of discretion.

 The standard of review in child custody cases is that the decision of the trial court will not be disturbed unless there was an abuse of discretion.

"'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. [Citations.]'" *Lawrence v. Lawrence,* Wyo., 628 P.2d 542, 546 (1981).

We have a further obligation to assume that the evidence of the prevailing party in the trial court is true. *Lawrence v. Lawrence,* supra.

 It is well settled that the district court is not bound to accept a stipulation of the parties and that the court's major consideration in determining custody of minor children is the welfare of those children. *Grosz v. Grosz,* Wyo., 506 P.2d 46 (1973). Determining the best interests of a child in awarding custody is a question of fact for the trier of fact. *Lawrence v. Lawrence,* supra.

 At the close of appellant's testimony, after direct and cross-examination, the district judge stated that he had heard enough evidence to make a determination on the custody question. Appellant contends that this statement signals an abuse of discretion because her testimony was highly favorable to her position except for the fact that she had engaged in extramarital affairs. Appellant speculates that the trial judge in his custody order manifested his disapproval of this conduct and that the judge in effect punished her for her indiscretions. Appellant reasons the judge must have placed too much weight on the testimony concerning her extramarital affairs when custody was awarded to appellee.

Appellant cites many cases which hold that the sexual misconduct of a parent must affect the relationship between the child and the parent for it to be a basis to deny custody to that parent. *Rittenberry v. Rittenberry,* Ky.App., 587 S.W.2d 847

(1979); *Manley v. Manley,* La.App., 389 So.2d 454 (1980); *Yates v. Yates,* Miss., 284 So.2d 46 (1973); *Pendergraft v. Pendergraft,* 23 N.C.App. 307, 208 S.E.2d 887 (1974). However, there is no evidence that the district judge gave undue consideration to appellant's misconduct. There is considerable evidence in the record from both appellee and appellant which supports the trial judge's holding. In appellant's testimony alone, there was evidence that appellant had a bad temper, that she had extramarital affairs, that she would probably have to move for her job, and that she was attending school and had an irregular schedule, and that the divided custody agreement was harming the children. We said in *Ayling v. Ayling,* Wyo., 661 P.2d 1054, fn. 3 (1983), "As a general rule, divided custody arrangements are not favored absent a good reason therefor * * *." Appellant's testimony also establishes the fact that appellee provides a good environment for child rearing, that he is actively involved in the children's education and other activities, that he is kind and considerate, and gentle with the children. There was other evidence more favorable to appellant, but as stated above we are bound to view the evidence in a light most favorable to the prevailing party in the trial court. Therefore, we hold that the trial court had sufficient evidence upon which to base its decision and that there was no abuse of discretion.

We affirm.