**Rayola FINK, Appellant (Plaintiff),**

v.

**Stanley A. FINK, Appellee (Defendant).**

**No. 83–182.**

Supreme Court of Wyoming.

Aug. 7, 1984.

James P. Castberg, Powell, for appellant.

Ross D. Copenhaver, Copenhaver & Kahl, Powell, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

THOMAS, Justice.

The essential question posed in this appeal is whether the district court abused its discretion in awarding the primary custody of the eight-year-old daughter of the parties to the father. Incidental issues are presented with respect to the failure of the trial court to hold the father in contempt; the refusal of the trial court to permit the reopening of evidence for the purpose of impeaching an expert witness; and an abuse of the court's discretion in failing to award additional visitation privileges to the mother. We cannot discern any abuse of discretion by the district court in awarding custody, and the collateral issues are foreclosed from our consideration by our rule of appellate practice. We affirm the judgment entered by the district court.

In prosecuting this appeal the mother sets forth the issues she contends must be resolved as follows:

"1. The court erred in failing to grant the Appellant's (Plaintiff's) application to find the Appellee (Defendant) in contempt for failure to comply with the court's original Decree which had not been modified prior to the filing of the Affidavit and Application for Order to Show Cause.

"2. The court erred in refusing to allow the Appellant (Plaintiff) to re-open her cross-examination of Dr. Blomdahl, expert witness for the Appellee (Defendant) concerning the witness's credibility.

"3. The court's granting custody of the parties' eight year old daughter to the Appellee (Defendant) was an abuse of judicial discretion and contrary to the great weight of evidence presented at the hearings showing that the Appellant (Plaintiff) was a good mother and fit to have custody of the parties' minor child.

"4. The court's failure to grant summer visitation rights and holiday visitations was an abuse of judicial discretion."

The father, in defending the judgment entered by the district court, makes this statement of the issues to be resolved:

"Did the District Court abuse its discretion by:

"a. Failing to find Appellee in contempt or failing to punish Appellee for contempt.

"b. Refusing to allow Appellant to re-open cross-examination of Dr. Blomdahl.

"c. Granting custody of minor child to Appellee.

"d. Failing to give Appellant summer visitation and holiday visitation rights with the minor child."

The only issue which we will address is whether there did occur an abuse of the discretion vested in the district court which is reflected in its judgment awarding the primary custody of the parties' eight-year-old daughter to her father rather than to her mother. The district court found that both parents are fit and proper persons to have custody. Based upon the evidence presented, however, the district court also found that it would be in the best interests of the child for primary custody to be granted to the father. On this record we are unable to say that this conclusion amounted to an abuse of the district court's discretion which is a sine qua non of any conclusion of error.

The parties had been married some seventeen years when that marriage was concluded by a Decree and Judgment of divorce entered on November 24, 1982. The Decree and Judgment adopted and incorporated as part of its terms a Stipulation which the parties had made. That stipulation provided in pertinent part as follows:

"4. It is further agreed by the parties that they shall have joint custody of their daughter, Kelly Rae Fink, and that Kelly shall live with Defendant November 1st through April 30th each year and from May 1st through October 31st each year Kelly shall live with Plaintiff. When Kelly lives with Defendant, Plaintiff shall have the child every other weekend, and when Kelly lives with Plaintiff, De-

fendant shall have the child every other weekend. The weekend shall consist of from 6:00 P.M. Friday to 8:00 P.M. Sunday.

"The parties shall have Kelly with them on alternating holidays. The first year Plaintiff shall have Kelly on Thanksgiving, New Years, Memorial Day and Kelly's birthday and Defendant shall have Kelly on Christmas, Easter, 4th of July and Labor Day.

"In addition to the above, the parties shall have reasonable visitation rights."

At the time of the hearing on the divorce the district court questioned whether a divided custody arrangement would be in the best interests of the child.[1] The court requested that both parties submit reports from health care professionals as to whether the custodial arrangement should be continued. The reports which were submitted were opposed to the divided custody agreed to by the parties, and the trial court then wrote to the parties and urged them to contact the court as soon as possible so that the question of permanent custody could be resolved.

On March 4, 1983, the father filed his Petition in which he requested the court to modify its prior decree and award him primary custody with reasonable provisions for visitation by the mother. The mother filed a Reply to the Petition on March 11, 1983, in which she agreed that the custody arrangement should be modified, but she requested that primary custody be awarded to her with provisions for visitation by the father. In the meantime, pursuant to a stipulation between the parties, the court had ordered that the Big Horn County Department of Public Assistance and Social Service conduct a home study of the parties for the purpose of "considering and recommending, reporting, and testifying concerning the custody of Kelly Rae Fink."

■ In all instances in which the care and rearing of a minor child is a matter of concern the paramount consideration is the best interests of the child. Forbes v. Forbes, Wyo., 672 P.2d 428 (1983); Ayling v. Ayling, Wyo., 661 P.2d 1054 (1983); and Bereman v. Bereman, Wyo., 645 P.2d 1155 (1982). In adjudicating custody the determination of the best interests of the child is a question of fact for the trier of fact. Forbes v. Forbes, supra; Lawrence v. Lawrence, Wyo., 628 P.2d 542 (1981); and Butcher v. Butcher, Wyo., 363 P.2d 923 (1961). We do not overturn the decision of the trial court unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle. Ayling v. Ayling, supra; Quenzer v. Quenzer, Wyo., 653 P.2d 295 (1982), cert. denied 460 U.S. 1041, 103 S.Ct. 1436, 75 L.Ed.2d 794 (1983); and Gill v. Gill, Wyo., 363 P.2d 86 (1961).

■ At the hearing on the custody issue, the psychologist who was counseling the daughter in connection with the divorce of her parents stated that it was his opinion that it would be in her best interests that primary custody be awarded to the father, whom he characterized as being an outstanding father. He testified that the daughter was doing very well and that she was happy in her current situation. At the time of the hearing the daughter was living with her father in her grandmother's house and periodically was visiting with her mother at regular times. The psychologist's opinion was based upon his extensive contacts with the child, both of her parents, her paternal grandmother, her aunt, her teachers, and others in the community over a period of approximately six months. In his testimony the psychologist did refer to the failure of the mother to follow through on prearranged weekend visitations during the period when he was counseling the parties and their daughter, and he stated that this concerned him. He further noted that on some of the weekends when the daughter was visiting with her mother she was with a babysitter for much of the time while the mother gave priority to her personal interests away from the home instead of spending that time with her daughter.

1. This court previously has indicated that such custody arrangements are not favored. Forbes v. Forbes, Wyo., 672 P.2d 428 (1983); Ayling v. Ayling, Wyo., 661 P.2d 1054 (1983); and Annotation 92 A.L.R.2d 695 (1963).

The same psychologist also testified that the father encouraged and had been very involved in trying to maintain the relationship between his daughter and her mother. Based upon his observations of the father, the psychologist found the father to be sincerely interested in helping his daughter. He also noted that the father had requested on a number of occasions that the psychologist tell him whether it would be better for his daughter to be with her mother more frequently or live with her full time. The psychologist also testified that the father would be better able to provide for the proper supervision of his daughter by her grandmother or aunt during the times when he could not be with her. Other testimony, as found by the district court, was to the effect that the mother was more concerned with her job and her outside interests than in caring for her daughter. The consensus of practically all of the witnesses was that both the father and the mother were fit persons to have custody of the daughter.

In light of the evidence of record in this case, we are unable to say that the district court in any way abused its discretion or violated any legal principle applicable in such an instance when it awarded primary custody of the daughter to the father. The mother points to statements by this court which indicate a preference that custody of a minor child, particularly a daughter, remain with the mother if all other factors are equal. *Butcher v. Butcher*, supra; *Burt v. Burt*, 48 Wyo. 19, 41 P.2d 524 (1935). The status of such a preference, particularly if it is invoked as a principle of law, is increasingly doubtful. Annotation 70 A.L.R.3d 262 (1976), and the cases cited therein. Our legislature has articulated a contrary policy in § 20–2–113, W.S.1977, in which it is stated in part:

> " * * * The court shall consider the relative competency of both parents and no award of custody shall be made solely on the basis of gender of the parent. * * "

In any event, our examination of the testimony reflected in the record persuades us that this is not a case in which all other factors are equal. See *Lawrence v. Law-rence*, supra. We hold there was no error in the award of primary custody of the father by the district court.

Our rule with respect to issues presented in an appeal is that this court will not consider contentions which are not supported by proper citation of authority or cogent argument. *Knadler v. Adams*, Wyo., 661 P.2d 1052 (1983); *Young v. Hawks*, Wyo., 624 P.2d 235 (1981); and *Elder v. Jones*, Wyo., 608 P.2d 654 (1980). Those issues articulated by the mother, and numbered 1, 2 and 4, are not supported by proper citation of authority or cogent argument. A simple statement that the party disagrees with the ruling of the district court and that the ruling is erroneous because it constitutes an abuse of the discretion vested in the district court does not amount to cogent argument. Accordingly those issues will not be addressed. We do note the continuing jurisdiction of the district court to adjust custody and visitation in accordance with the statute. Section 20–2–113, W.S.1977.

The judgment of the district court is affirmed.