**In the Matter of the PATERNITY OF IC, Minor Child:**

**KC, Appellant (Respondent),**

v.

**KM, Appellee (Petitioner). (Two Cases)**

**Nos. C–96–5, C–96–7.**

Supreme Court of Wyoming.

July 2, 1997

Bruce P. Badley of Badley & Rasmussen, P.C., Sheridan, for Appellant.

Fred R. Dollison of Northern Wyoming Law Assoc., Sheridan, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

From these consolidated cases, KC (Mother) appeals the order of summary judgment in favor of KM (Father) on the issue of paternity, the subsequent order and judgment regarding visitation and support, and the award of attorney fees. We affirm the summary judgment, reverse the order regarding visitation and support, and remand for further proceedings the issues of visitation, support and attorney fees.

## ISSUES

Appealing the summary judgment of paternity, Mother states the issues as:

I. Did the District Court have jurisdiction?

II. Did the District Court err when it recognized [Father] as a presumptive father pursuant to W.S. § 14–2–102(a)(iv)?

Father argues the issues:

I. IC was timely and properly made a party to the action, and the District Court was properly vested with jurisdiction to act.

II. The District Court correctly recognized [Father] as the presumptive father of IC.

III. The District Court committed no error in refusing to grant Appellant relief on the issue of W.S. §§ 1–14–119 through 1–14–122 costs.

With respect to visitation, support and attorney fees, Mother posits:

I. Can the District Court proceed with litigation on the issues of child support, visitation, and custody, when the questions of jurisdiction and paternity are before the Supreme Court on appeal[?]

II. Does an appeal on the question of the District Court's lack of jurisdiction preclude the District Court's claim of dual jurisdiction pursuant to W.R.A.P. Rule 6.01(b)[?]

III. Can the District Court award attorney fees when the District Court unilaterally decides that a litigant who appealed the issue of jurisdiction "failed to cooperate" in the litigation[?]

IV. Can the District Court proceed with a hearing on custody, visitation and support without giving reasonable notice to the parties, when the case is on appeal[?]

V. Can the District Court issue visitation, custody and support orders in the absence of evidence on the best interest of the child[?]

VI. Can the District Court penalize a single mother in excess of $100,000.00 for defending her opposition to a paternity petition[?]

Father avers:

I. The District Court was not deprived of jurisdiction to decide the issue of support and visitation[.]

II. The District Court properly claimed dual jurisdiction pursuant to W.R.A.P. Rule 6.01(b)[.]

III. The District Court properly found that Appellant was uncooperative and that an award of attorney's fees was appropriate[.]

IV. The District Court ordered visitation, custody and support in accordance with the evidence produced at the April 22, 1996 Hearing[.]

V. The District Court did not abuse its discretion in its order regarding child support and attorney's fees[.]

### FACTS

Father sought to establish paternity as a putative father pursuant to W.S. 14–2–104(c) (1994), which allows a person alleged or alleging to be the father to bring an action to determine the existence of a father/child relationship where the child has no presumed father. Only Mother was served with this petition, not the child (Child). Mother countered by moving to dismiss based on the five-year statute of limitations found in W.S. 14–2–105 (1994). In response, Father filed an amended petition, and subsequently a second amended petition, in which he asserted that he was the presumed father under W.S. 14–2–102(a)(iv) (1994). Both Mother and Child were served with the second amended petition, and a guardian ad litem was appointed.

Genetic testing of the parties was ordered pursuant to W.S. 14–2–109(b) (1994). The results of those tests indicated a 99.87 percent probability that Father was the natural father of Child. Based upon the presumption of paternity established by the tests and the petition asserting presumed fatherhood, the district court granted Father's motion for summary judgment.

The court then scheduled and conducted a hearing on child support and visitation. Although the record denotes all parties were notified of the hearing, neither Mother nor her attorney attended. The court ordered that Father pay child support in an amount almost $25 per month less than the presumptive support based on Father's maintenance of health insurance for Child and Father's cost of transportation. It further ordered that all past-due obligation for support was waived, in part because "of the other than usual expenses he has incurred in asserting his rights herein." Father was awarded visitation on alternate weekends and specified holidays and 60 consecutive days each summer. The order further awarded attorney fees in the amount of $1,000 to Father because the court found that Mother's lack of cooperation caused Father to incur extra attorney fees. In this consolidated appeal, Mother contests: 1) the summary judgment establishing paternity, and 2) the visitation and support order, including the award of attorney fees.

### DISCUSSION

#### I. Preliminary Matters

Aside from her substantive challenges, Mother raises two collateral matters which we address at the outset.

#### A. Jurisdiction

Mother asserts that the district court lacked personal jurisdiction because Child

was initially not properly served pursuant to W.R.C.P. 3. She contends that, as a result, Child was not made a party within the five-year statutory period provided by W.S. 14–2–105(a)(ii) to determine the existence of a father/child relationship where no presumed father exists. Father, however, amended his petition to alter his position from a putative father to a presumed father, taking the action outside the scope of the statute of limitations. *See* W.S. 14–2–104(b). Mother argues the amendments were improper and thus the statute of limitations expired before the court attained personal jurisdiction over Child.

■■■■　Father amended his petition in response to Mother's motion to dismiss. A party may amend its pleading once as a matter of course at any time before a responsive pleading is served. W.R.C.P. 15. Mother maintains that her motion to dismiss is a responsive pleading and, therefore, Father could not amend without leave of the court. We disagree. In addressing this issue, we find guidance in federal precedent inasmuch as our rules of civil procedure parallel the Federal Rules of Civil Procedure. *See, e.g., Meyer v. Mulligan,* 889 P.2d 509, 517 (Wyo. 1995). Federal courts have uniformly held that motions to dismiss are not responsive pleadings:

> Rule [15(a) ]　must be read in conjunction with Rule 7(a), F.R.Civ.P., which indicates that an answer is a responsive pleading to the complaint.　* * *　[T]he law in this Circuit and elsewhere is clear: filing a motion to dismiss * * * will not prevent a party from subsequently amending without leave of court.

*Gipson v. Township of Bass River,* 82 F.R.D. 122, 124 (D.C.N.J.1979); *see also Adams v. Campbell County Sch. Dist.,* 483 F.2d 1351, 1353 (10th Cir.1973); *Move Org. v. City of Philadelphia,* 89 F.R.D. 521, 523 (E.D.Pa. 1981); *Kelly v. Delaware River Joint Comm'n,* 187 F.2d 93, 94 (3rd Cir.1951), *cert. denied* 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951). Thus, Father was free to amend once as a matter of course since Mother had not filed her answer. As with the original petition, however, it does not appear from the record that this first amendment was properly served on Child. Father then re-

quested and was granted leave of the court to amend a second time.

■■■■　With regard to the court's decision to allow Father leave to file a second amended petition, the law in this jurisdiction is well settled:

> [T]he decision to allow amendment, when required by justice, is within the discretion of the district court and that decision will be reversed only for an abuse of that discretion. ***The guideline on review is whether or not the adverse party was prejudiced by allowance of the amendment.***

*Hernandez v. Gilveli,* 626 P.2d 74, 77 (Wyo. 1981) (emphasis added). We hold the court acted within its discretion in allowing Father to amend; Father had a legitimate claim as a presumptive father, and W.S. 14–2–104(b) gives any interested party the right to bring an action at any time "for the purpose of determining the existence or nonexistence of the father and child relationship presumed under W.S. 14–2–102(a)(iv)." Had the court dismissed the action based upon the statute of limitations, Father could simply have refiled as a presumed father. Thus, allowing Father to amend had no real prejudicial effect on Mother.

■■■■　Mother additionally challenges the district court's subject matter jurisdiction regarding visitation and support. Upon entry of summary judgment establishing paternity, Mother timely filed an appeal. Mother now avers that since there was a pending appeal contesting paternity, the district court could not proceed to determine visitation and support.

■■■■　District courts are entitled to the presumption of regularity when exercising their general jurisdiction. *First Wyoming Bank, N.A. Cheyenne v. First Nat'l Bank & Trust Co.,* 628 P.2d 1355, 1362 (Wyo.1981). We have previously held that during the pendency of an appeal, the district court has the right and power to enforce its decrees and orders and to protect the parties as to any rights they acquired in the district court proceedings. *Moore v. Moore,* 809 P.2d 255, 258 (Wyo.1991). *Cf. Coones v. F.D.I.C.,* 848 P.2d 783, 796 n. 18 (Wyo.1993) (district court

retains jurisdiction over portion of litigation not affected by summary judgment); *Jacobs v. Jacobs,* 895 P.2d 441, 444 (Wyo.1995) (district court retained jurisdiction to hear request for relief under W.R.C.P. 60(b)).

Wyoming Rule of Appellate Procedure 6.01(b) provides:

The appellate court shall acquire jurisdiction over the matters appealed when the case is docketed. In all cases, the trial court retains jurisdiction over all matters and proceedings not the subject of the appeal * * *.

■ Mother provides no authority for her contention that the jurisdictional nature of her challenge affects the application of W.R.A.P. 6.01(b). It is an oft-stated rule that we need not consider issues that are unsupported by proper citation to legal authority. *See, e.g., Hamburg v. Heilbrun,* 889 P.2d 967, 968 (Wyo.1995); *Doctors' Co. v. Insurance Corp. of America,* 864 P.2d 1018, 1028 (Wyo.1993). Accordingly, we hold the district court retained jurisdiction under W.R.A.P. 6.01(b) to decide issues of custody, support and visitation.

### B. Security of Costs

■ Mother contends that, pursuant to W.S. 1–14–120 (1988), the district court had a nondiscretionary duty to order security of costs from the nonresident Father. Statutory interpretation is a question of law. *Parker Land & Cattle Co. v. Game & Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo.1993). We review all parts of a legislative act as a whole, and division of a law into sections has no substantive meaning. *V–1 Oil Co. v. State,* 934 P.2d 740, 745 (Wyo.1997) (*citing France v. Connor,* 3 Wyo. 445, 454, 27 P. 569, 572 (1891)).

■ Wyoming Statute 1–14–120 provides that "[i]f security for costs is not given as required by W.S. 1–14–119 * * * the court shall * * * on a motion of the defendant and notice to the plaintiff, dismiss the action * * *." The phrase "as required by W.S. 1–14–119" indicates a limit on the application of –120. Section 1–14–119 gives discretion to the clerk to decide what amount is reasonable for security of costs:

If a nonresident of the state * * * brings an action, the plaintiff must furnish sufficient security for costs * * * such sum of money as the clerk deems sufficient for the purpose. Upon motion of the defendant, the court may require the deposit to be increased, that personal security be given or that the nonresident plaintiff pay all costs as fast as they accrue.

Reading –120 in conjunction with –119, the plain language demonstrates that the court does not have a duty to dismiss the action unless the clerk has required, and the plaintiff has not complied with, the posting of security. The court *may* require a deposit, upon motion by the defendant under –119, but this is clearly discretionary. In the instant case, the clerk did not require Father to post security for costs.

### II. Paternity

Summary judgment is appropriate when no genuine issue of material fact exists and the prevailing party is entitled to judgment as a matter of law. *Matter of Paternity of TS,* 917 P.2d 183, 185 (Wyo.1996); W.R.C.P. 56(c). We examine the record in a light most favorable to the party opposing the motion, and to that party we give the benefit of all favorable inferences which may be fairly drawn from the record. *Paternity of TS,* at 185.

■ The district court found as a matter of law that Father was the presumptive father under W.S. 14–2–102(a)(iv), which provides:

A man is presumed to be the natural father of a child if:

* * *

(iv) While the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child.

Once the presumption is established, it may be rebutted only by clear and convincing evidence. W.S. 14–2–102(b). Bare assertions that questions of fact remain will not deflect a prima facie case for summary judgment. *Garcia v. UniWyo Fed. Credit Union,* 920 P.2d 642, 645 (Wyo.1996). The following facts are uncontroverted: Child was

born on February 2, 1990; Mother and Father lived together and shared expenses and rent from November 1989 to June 1990; Mother was exclusively having sexual relations with Father during the time Child was conceived; Mother willingly named Father as the father on Child's birth certificate; and, while they lived together, Father openly acknowledged that Child was his child.

The court also considered the genetic test results which indicated a 99.87 percent probability that Father was Child's father.

> If the experts conclude that the genetic tests show that the alleged parent is not excluded and that the probability of the alleged parent's parentage is ninety-seven percent (97%) or higher, the alleged parent is presumed to be the parent and this evidence shall be admitted. This presumption may be rebutted only by clear and convincing evidence.

W.S. 14–2–109(e)(iv). We find as a matter of law that Father was entitled to the two statutory presumptions of fatherhood. Because the statutory presumptions were unrebutted, we affirm summary judgment on the issue of paternity.

### III. Visitation, Support and Attorney Fees

▮ Visitation, child support, apportionment of attorney fees and cost allocation are all committed to the sound discretion of the district court. *Basolo v. Basolo*, 907 P.2d 348, 352 (Wyo.1995). "The definition of rights of visitation is an aspect of the determination of custody, and it has been our consistent principle that in custody matters the welfare and needs of the children are to be given paramount consideration." *Rowan v. Rowan*, 786 P.2d 886, 890 (Wyo.1990); *see also Gurney v. Gurney*, 899 P.2d 52, 55 (Wyo.1995) and *Fink v. Fink*, 685 P.2d 34, 36 (Wyo.1984) ("In all instances in which the care and rearing of a minor child is a matter of concern, the paramount consideration is the best interests of the child."). The determination of the best interest of the child is a question for the trier of fact. "We do not overturn the decision of the trial court unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle." *Fink*, 685 P.2d at 36. A court

does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances, as is said to mean an error of law committed by the court under the circumstances. *Pinther v. Pinther*, 888 P.2d 1250, 1252 (Wyo.1995).

▮ As the appointed attorney for the minor, a guardian ad litem is obligated to participate as an advocate for the child. "[T]he guardian ad litem has the same ethical responsibilities in the proceeding as any other attorney," *Moore v. Moore*, 809 P.2d 261, 264 (Wyo.1991), and has a responsibility to ensure that the record contains information relative to the child's best interest and welfare, factors essential to the court's final determination. *See Sharpe v. Sharpe*, 902 P.2d 210, 215 (Wyo.1995); *Pauling v. Pauling*, 837 P.2d 1073, 1077 (Wyo.1992). The guardian ad litem here, however, produced no evidence on behalf of the Child at the visitation and support hearing. While Father did present evidence regarding his fitness and finances, he likewise presented no evidence relating to the Child's best interest and welfare. Neither Mother nor her attorney attended the hearing.

▮ The district court was understandably displeased by Mother's failure to appear. In similar situations we have stated:

> The apparent anger of the district court obligates our inquiry as to whether * * * "such a condition of the mind [exists] which sways judgment and renders the judge unable to exercise his functions impartially in a given case or which is inconsistent with a state of mind fully open to the conviction which evidence might produce." Of course, the mere fact of restricted visitation does not necessarily indicate motive to punish or bias. Rather, our threshold inquiry remains whether the evidence presented fairly supports the decision of the district court.

*Basolo*, 907 P.2d at 353 (citations omitted); *see also Brown v. Avery*, 850 P.2d 612, 616 (Wyo.1993) and *Cline v. Sawyer*, 600 P.2d 725, 729 (Wyo.1979). The prime judicial objective in dealing with visitation and support is to serve the best interest of the child—not to punish or reward one parent for real or

supposed derelictions. *Curless v. Curless,* 708 P.2d 426, 430 (Wyo.1985); *Henson v. Henson,* 384 P.2d 721, 723 (Wyo.1963). "Visitation is primarily for the benefit of the child * * * [and][t]he custodial parent's misconduct cannot destroy the child's right to support * * *." *Hester v. Hester,* 663 P.2d 727, 729 (Okla.1983). We hold that given the complete absence of any evidence representing the best interest and welfare of Child, the court abused its discretion in ruling on visitation and support, and we remand this matter for an evidentiary hearing.

In reviewing the award of attorney fees, we have recognized that the district court has extremely broad discretion with which we will not interfere except upon proof that such discretion was gravely abused. *Haltom v. Haltom,* 755 P.2d 876, 879–80 (Wyo.1988). In the instant case, we are unwilling to find a grave abuse of discretion. Given our decision regarding the issues of visitation and support, however, we find it appropriate that the district court revisit the issue of attorney fees following the evidentiary hearing.

## CONCLUSION

We affirm the district court's grant of summary judgment on the issue of paternity. We reverse the Order and Judgment Regarding Visitation and Support and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.